IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE TX OK AIR, L.L.C., | § § | |
| Debtor. | § § | |
| TX OK AIR, L.L.C., | § § § | Civil Action No. 3:15-CV-3374-D |
| Appellant, | § § | (Bank. Ct. No. 13-34893-BJH-11) |
| VS. | § § | |
| STATE COMPTROLLER OF PUBLIC ACCOUNTS, | § § § § | |
| Appellee. | § | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, District Judge:

Appellant TX OK Air, L.L.C. ("TX OK") appeals the bankruptcy court's October 5, 2015 order overruling TX OK's objection to claim No. 2 of the Texas Comptroller of Public Accounts ("Comptroller") and allowing the Comptroller's claim as filed. The court has carefully considered the briefs and heard oral argument. Concluding that TX OK has not demonstrated that the bankruptcy court clearly erred in finding that TX OK failed to carry its burden of proving that the Texas-law "sale for resale exemption" applied to TX OK's purchase of a Cessna 525 aircraft from CitationShares Sales, Inc., the court affirms the bankruptcy court's order.

"Th[is] court reviews the bankruptcy court's conclusions of law *de novo*, but reviews its fact findings only for clear error." *In re Nary*, 253 B.R. 752, 756 (N.D. Tex. 2000) (quoting *In re ICH Corp.*, 230 B.R. 88, 91 n.10 (N.D. Tex. 1999) (Fitzwater, J.) (citations omitted)). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *In re Johnson Sw., Inc.*, 205 B.R. 823, 827 (N.D. Tex. 1997) (Fitzwater, J.) (quoting *In re Placid Oil Co.*, 158 B.R. 404, 412 (N.D. Tex. 1993) (Fitzwater, J.)).

Under the Texas Tax Code, the sale for resale of a taxable item is exempt from sales and use tax.  To qualify for the exemption, the sale of tangible personal property must be for the *sole purpose* of the purchaser's leasing or renting the property in the normal course of business to another person.  Where, as here, the Comptroller issues a notification of exam results assessing a sales/use tax deficiency, the taxpayer must overcome the presumed correctness of the notification with evidence that is so clear and positive that it is unreasonable not to give effect to it as conclusive.  This is a heavy burden of proof.

In detailed findings of fact and conclusions of law, the bankruptcy court found and concluded that TX OK had not satisfied this heavy burden.  The bankruptcy court explained in detail why it found from the conflicting evidence, and in the absence of critical evidence (the testimony of Drs. Echt and Graves), that TX OK had failed to carry its burden of proving at the hearing, through evidence that was so clear and positive that it would be unreasonable not to give effect to it as conclusive, that the sale for resale exemption applied to TX OK's

purchase of the aircraft. The bankruptcy court did not commit any legal error, and its findings of fact are not clearly erroneous.

Accordingly, the bankruptcy court's October 5, 2015 order overruling TX OK's objection to claim No. 2 of the Comptroller is

AFFIRMED.

April 22, 2016.

                                                                                _____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE